[Civ. No. 14179.   First Dist., Div. One.   Feb. 6, 1950.]

Estate of MARIE LEFRANC, Deceased.   ADELE MASSON, Appellant, v. EDITH. C. URBANI, as Executrix, etc., et al., Respondents.

Joseph A. Brown for Appellant.

Rea, Jacka & Frasse and Burnett & Burnett for Respondents.

BRAY, J.—In a contest of a will upon the ground of testatrix' unsoundness of mind, the jury found her to be of sound mind when she executed her will. Contestant appealed from the judgment entered thereon, and attempted to appeal from the order denying a new trial, which is not appealable. (Code Civ. Proc., § 963; Prob. Code, § 1240.)

### Questions Presented

1. Alleged error of court in denying continuance. 2. Alleged errors in admission and exclusion of evidence.

### Facts

No question is raised as to the sufficiency of the evidence to support the verdict. Contestant, a niece of decedent, states in her opening brief (p. 2) : "There was a conflict in the evidence to the extent that a verdict either way finds support in the evidence." In view of that fact, and the fact, as will hereafter be shown, that we find no error as charged, it is not necessary to discuss the evidence. (It might be added, parenthetically, that respondents contend that there is no evidence which would have supported a verdict other than the one rendered.)

### 1. Denial of Continuance.

At the end of respondents' case and at the opening of the afternoon session, contestant moved for a continuance until the next morning for the "purpose of locating and producing a material witness, to-wit: Kathryn F. C. McGuire. I expect the witness to testify as a rebuttal witness, as to facts occurring between September '39, to February 1940, particularly in January of 1940, and I expect her to testify as to her opin-

ion as to the soundness of mind of Marie Lefranc upon January 20th, 1940. The motion is based on those grounds, and on the further ground that contestant has used reasonable diligence in the effort to locate and produce said witness." Objection was made on the ground that it was not rebuttal testimony, but testimony in chief, and that it would require the recalling of witnesses who had already testified; on the further ground that the statement of contestant's counsel showed that he knew of this witness before he rested his main case; that no subpoena was out for her, and that there was no assurance that the witness would be produced the next day. The court denied the motion. ■ Under the showing here the court did not err in denying the continuance. No affidavit in support of the motion for continuance was offered, the case had been pending over six years, the contestant had previously rested her case, the presentation of evidence by respondents was practically completed, and in his request for the continuance counsel did not set forth what the witness McGuire would have testified, other than his rather indefinite statement, "I expect her to testify as to her opinion as to the soundness of mind" of testatrix upon the date of the will's execution. He did not say whether her opinion was that the testatrix was of sound or unsound mind. In an affidavit filed on motion for new trial, it appears that it was not until noon of the day to which contestant wanted the case continued that the whereabouts of Miss McGuire was learned. She was then in Stockton. The affidavit does not state when, if at all, she could have been produced at the trial.

Moreover, on the motion for a new trial, an affidavit of this witness was filed in which she stated that while Miss LeFranc at times was confused and sometimes would do eccentric things, witness would not testify that she was of unsound mind on the date of the execution of the will. She also stated that she had never discussed or attempted to discuss the nature or extent of testatrix' property with her. While this affidavit did not deny in detail all of the eccentricities and unusual actions of testatrix which the affidavit offered on motion for new trial stated Miss McGuire would testify to, it showed that so far as matters bearing on testamentary capacity are concerned her testimony would have been either of no value, or actually adverse, to contestant. Were the court's ruling incorrect (and it was not) it was not prejudicial. ■ Motions for continuance, for permission to reopen the case, for calling witnesses out of order, are largely in the discretion of

the trial court. It must be made to appear very clearly that such discretion has been abused before this court can reverse the trial court's action. No such showing was made here. (5 Cal.Jur. 990; 24 Cal.Jur. 731, 764.)

2. *Admission and Exclusion of Evidence.*

(a) On direct examination of contestant she was asked: "Q. Now, *during that time* were you able to observe the family relationship that existed between your mother and father and aunt on one hand, and the family of Henry Lefranc on the other?" (Emphasis added.) She answered "Yes." Objection was then made that the question was irrelevant, incompetent and immaterial. A discussion then followed in which the contestant claimed that the evidence was admissible "as going to the background for the reasons for the making of a will and to show why, if at all, the particular person had closer claim on the testatrix than someone else." The court then asked what bearing that would have on her testamentary capacity on the day of the execution of the will. Counsel admitted that it would have no bearing on the question of testamentary capacity, but contended that it went to show damage to contestant, that is, why she could expect a will to be made in her favor rather than in favor of someone else; also that it bore on the question of competency as shown by a sudden change in the testatrix. In answering this, proponents' counsel, after some discussion, stated: "I don't think we are concerned or this record is concerned with some difficulty or row, or alleged row, that may have taken place between these ladies' relatives *way back in 1907*, and that is what counsel is trying to get to right now, and that is why we object." (Emphasis added.) Thereupon the court ruled: "Objection will be sustained *at this time*," and then counsel stated, "All right. We'll skip a good many years. . . ." (Emphasis added.)

We cannot say that the court's ruling that relationships existing in 1907 should not be gone into to determine the testatrix' state of mind in 1940, was error. Moreover, the court sustained the objection only *at that time.* Before contestant can complain of this ruling it was her duty later to present the matter to the court for a final ruling. As we said in *Ford v. Carew & English,* 89 Cal.App.2d 199, 208 [200 P.2d 828]: "The trial court, of course, has a wide discretion in directing the order in which evidence shall be submitted. (Code Civ. Proc., § 2042.) Even though the court were in error as to its

ruling on the time of making such proof, it left the door open for plaintiff to produce the evidence later, and having failed to enter that door, she cannot now complain.''

(b) Opinion concerning mental condition of testatrix.

█ Respondents asked witness Hale, a former chauffeur for the family, this question: ''Now, based upon your observations of Miss Lefranc prior to and on January 20th, 1940, which is the day upon which this will was signed, what is your opinion regarding the mental condition of Miss Lefranc at the moment that she signed the will, that is the subject of this contest?'' The court overruled an objection that the proper foundation had not been laid. Thereupon the following occurred: ''A. I would say that she was competent when she signed the will. MR. JONES [attorney for contestant]: Which we move to strike the answer on the ground that it's not responsive, your Honor. THE COURT: Motion is denied. Q. In other words, she was of sound mind on that——'' Contestant's counsel thereupon interrupted with an objection which was sustained. Then followed this question and answer: ''Q. Was she of sound or unsound mind? A. I considered her of sound mind on that day.'' Contestant does not press the objection on the ground of lack of foundation, apparently for the reason that the transcript shows that the witness was a sufficient acquaintance of the testatrix and saw her sufficiently, to entitle him to give his opinion under the intimate acquaintance rule, but contends that the court refused to allow contestant's witnesses to answer similar questions and therefore should not have permitted respondents' witness to answer this question. In the first place, the question was proper. Secondly, interestingly enough, contestant on this appeal has not questioned the court's rulings on those questions other than by stating in her reply brief for the first time that the court should have sustained her objection to respondents' question. We have examined the questions asked by contestant to which the court sustained objections and find that they were not questions, as was the one above, directed to the mental condition or sanity or insanity of the testatrix, but were questions of the type asking the witness as to whether in his opinion testatrix had testamentary capacity. This, it has been held, is a question for the jury to determine and is improper to ask of a witness. (*Estate of Taylor*, 92 Cal. 564 [28 P. 603].) █ Even though the court had erred in sustaining objections to questions asked by contestant of her witnesses, such fact would not have made improper a question

asked by respondents of a witness, which question on all legal grounds was proper.

Contestant, on oral argument, for the first time, contends that the court erred in not striking out the witness's first answer "I would say that she was competent when she signed the will." In addition to the fact that contestant is rather late in making this contention, it is obvious from the question asked the witness and the proceedings and questions immediately following his answer, that the witness was not saying that the testatrix was competent to make the will, but was saying that she was mentally competent at the time she made the will. In other words, he was giving his opinion of her mental condition and not his opinion of her competency to make a will.

There was no error. The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.